UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, *et al.*, | Case No. 11-11988 |
| Plaintiffs, | Avern Cohn |
| v. | United States District Judge |
| AWAN & ASSOCIATES, P.C., *et al.*, | Michael Hluchaniuk |
| Defendants. | United States Magistrate Judge |
| _____/ | |

# REPORT AND RECOMMENDATION
# <u>DEFAULT JUDGMENT</u>

**I.     PROCEDURAL HISTORY**

Allstate filed a complaint against defendants on May 5, 2011, alleging a scheme to defraud Allstate. (Dkt. 1). On April 20, 2012, Allstate filed a motion for default judgment against all defendants based on a variety of discovery violations. (Dkt. 31). District Judge Avern Cohn held a hearing on this motion on June 20, 2012. Then, on June 27, 2012 Judge Cohn held a conference regarding discovery matters. Another discovery conference was held on September 10, 2012. On October 18, 2012, Judge Cohn, after observing that defendants' responses to discovery were "deficient," referred the "outstanding discovery requests" to the undersigned magistrate judge for resolution. (Dkt. 47). A letter prepared by Allstate's counsel, outlining the dispute, is attached to the order of

reference. (Dkt. 47-1). Pursuant to notice, the undersigned held a status conference with the parties on the outstanding discovery issues. (Dkt. 48). Defendants were directed to respond in writing to the September 17, 2012 letter attached to the order of reference by November 28, 2012. (*See* Text-Only Order dated 11/14/2012). Defendants failed to file any response or request an extension.

This matter is now ready for report and recommendation. For the reasons set forth below, the undersigned **RECOMMENDS** entry of default judgment against defendants, in an amount to be determined by the District Court.

## II.   ANALYSIS AND CONCLUSION

Among the variety of discovery sanctions available in a district court's "arsenal," the entry of a default judgment against a defendant or an order of dismissal against a plaintiff are the court's "strongest weapon[s]." *Grange Mut. Cas. Co. v. Mack*, 270 Fed.Appx. 372, 376 (6th Cir. 2008) ("A district judge holds a variety of sanctions in his arsenal, the most severe of which is the power to issue a default judgment."); *Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988) ("Dismissal of an action for failure to cooperate in discovery is a sanction of last resort."). The Supreme Court has justified these harsh sanctions by acknowledging their value as both a specific and general deterrent:

> [A]s in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.

*National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). Rule 37(b)(2) provides that where a party "fails to obey an order to provide or permit discovery ... the court where the action is pending may issue further just orders[,]" including, but not limited to, "prohibiting the disobedient party from supporting or opposing designated claims or defenses, ... striking pleadings in whole or in part[,] ... dismissing the action or proceeding in whole or in part[,] ... [or] rendering a default judgment against the disobedient party." Fed.R.Civ.P. 37(b)(2). A court may also, in addition to or as an alternative to the above-mentioned orders, direct "the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure" to comply with the court order. Fed.R.Civ.P. 37(b)(2)(C).

A court must consider four factors when determining whether a plaintiff's complaint should be dismissed pursuant to Rule 37: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the party's adversary was prejudiced by the party's failure to cooperate in discovery; (3) whether the party was warned that failure to cooperate could lead to dismissal;

and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990). "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct," *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002), i.e., conduct that is "'perverse in resisting authority' and 'stubbornly disobedient,'" *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008), quoting Webster's Third New International Dictionary 497 (1986).

This Court also has the inherent authority to sanction litigants, which "derives from its equitable power to control the litigants before it and to guarantee the integrity of the court and its proceedings." *Dell, Inc. v. Elles*, 2008 WL 4613978, *2 (6th Cir. 2008), citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-50 (1991). Indeed, the court has the inherent power to sanction a party when that party exhibits bad faith, including the party's refusal to comply with the court's orders. *Chambers*, 510 U.S. at 43-50. It is within a court's inherent authority to "fashion an appropriate sanction for conduct which abuses the judicial process." *Dell*, at *2, quoting *Chambers*, 510 U.S. at 44-45; *see also Gonzalez v. Ohio Cas. Ins. Co.*, 2008 WL 4277258, *1 (E.D. Mich. 2008) ("this court enjoys inherent authority to control its docket in promoting economies of time and effort for the court, the parties, and the parties' counsel."). Nevertheless, the use of default

judgment against a defendant under Rule 37(b)(2)(A)(vi) is an extreme sanction. *See Buck v. U.S. Dept. Of Agriculture, Farmers Home Admin.*, 960 F.2d 603, 607-08 (6th Cir. 1992). Consequently, the Court would not impose such a sanction absent "a clear record of delay or contumacious conduct" by the offending party and when "no alternate sanction would protect the integrity of the pre-trial proceedings." *Id.* at 608; *see also Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990) ("Just as '[d]ismissal of an action for failure to cooperate in discovery is a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault ...,' so, too, is entry of default judgment.").

The undersigned has no hesitation in finding that defendants' conduct is willful. Defendants' failure to follow orders or offer any written explanation regarding their dilatory conduct is plainly willful. As Judge Roberts recently pointed out in *Whited v. Motorists Mutual Ins. Co.*, 2010 WL 3862717 (E.D. Mich. 2010), quoting *Reg'l Refuse*, 842 F.2d at 154, "if a party has the ability to comply with a discovery order and does not, dismissal is not an abuse of discretion."

And, the prejudice to plaintiff is equally clear. Simply showing that a party "waste[d] time, money, and effort in pursuit of cooperation which [the opponent] was legally obligated to provide" can suffice to establish prejudice. *Schafer v.*

*City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008), quoting *Harmon v. CSX Transp.*, 110 F.3d 364, 368 (6th Cir. 1997). In addition, the inability to prepare the case by obtaining information from key witnesses is prejudicial. *See Smith v. Nationwide Mutual Ins. Co.*, 410 Fed.Appx. 891 (6th Cir. 2010). Here, plaintiff is prejudiced by the inability to move this case forward, conduct necessary discovery, and prepare for trial.

As to the third factor, in *Fharmacy Records v. Nassar*, 379 Fed.Appx. 522 (6th Cir. 2010), the Sixth Circuit recently explained that an express written warning of dismissal is not always necessary:

> As for the third factor, we have reversed the dismissal of certain cases where the district court failed to "put the derelict parties on notice that further noncompliance would result in dismissal," *Wu*, 420 F.3d at 644; *Freeland v. Amigo*, 103 F.3d 1271, 1279–80 (6th Cir. 1997); *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988), but as this is just one factor, we have also held that prior warning is not indispensable, *see United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002); see also *Link v. Wabash R.R.*, 370 U.S. 626, 633, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (noting that a district court can, in some circumstances, "dismiss a complaint ... even without affording notice of its intention to do so"). Finally, we have instructed courts to look first to an "alternative sanction [that] would protect the integrity of the [judicial] process," but we have "never held that a district court is without power to dismiss a complaint, as the first and only sanction, ... and [we are] loath[ ] to require the district court to incant a litany of [ ] available lesser sanctions." *Schafer*, 529 F.3d at 738 (quoting *Harmon*, 110 F.3d at 368) (quotation marks omitted).

*Fharmacy Records*, 379 Fed.Appx. at 524.  In this case, the Court ordered defendants to produce the discovery, held multiple conferences on their failure to do so, indicated in the order of reference that the responses were deficient, and the undersigned permitted defendants additional time to prepare a written response to plaintiff's contentions about the defects and deficiencies in the discovery responses.  Despite multiple opportunities, defendants neither corrected the deficiencies nor complied with the Court's orders that they explain themselves.  Moreover, there is a pending motion for default judgment, after which defendants continued their pattern of failure to comply with the Court's orders.  Any claim that defendants were not on notice that default judgment might be entered against them is specious.

As to the final factor, the undersigned also concludes that no lesser sanction is warranted.  Defendants have already had multiple opportunities to correct their discovery failures and comply with the orders of the Court.  The undersigned sees no reason to allow defendants yet another opportunity to disregard their discovery obligations or ignore another order of the Court.  Thus, in the view of the undersigned, all four factors weigh in favor of entry of default judgment against defendants.

### III.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** entry of

default judgment against defendants, in an amount to be determined by the District Court.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 25, 2013   s/Michael Hluchaniuk
                        Michael Hluchaniuk
                        United States Magistrate Judge

### CERTIFICATE OF SERVICE

I certify that on January 25, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Diane L. Aimar-Saylor, Jerald D. VanHellemont, Stacey L. Heinonen, and Craig S. Romanzi.

s/Tammy Hallwood
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov