UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE INSURANCE COMPANY and
ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY,

    Plaintiffs,

vs.                                                          Case No. 11-11988

AWAN & ASSOCIATES P.C., PAIN              HON. AVERN COHN
MANAGEMENT & REHAB CENTERS P.C.,
VASA-RX, INC, d/b/a/ ALL CARE PHARMACY,
KASIM, LTD, d/b/a/ COMPREHENSIVE
PHYSICAL THERAPY, and MUZAFFAR
AWAN, an individual, jointly and severally,

    Defendants.

_____/

**MEMORANDUM AND ORDER DENYING
DEFENDANTS' MOTION FOR RECONSIDERATION (Doc. 58)**

**I. INTRODUCTION**

This is a fraud case. Plaintiffs are insurance company providers of first party medical benefits for their insured under the Michigan No-Fault Auto Act. Defendants provided the medical benefits plaintiffs are challenging.

On April 3, 2013, due to defendants' continued discovery abuses, the Court issued a Memorandum and Order Granting Plaintiffs' Motion for Default Judgment (Doc. 56). The Court adopted the magistrate judge's ("MJ") report and recommendation ("MJRR"). Partial judgment was entered in favor of plaintiffs and against defendants on the issue of liability (Doc. 57). Now before the Court is defendants' motion for reconsideration and vacation of

the partial judgment (Doc. 58). The Court held a hearing on the motion on May 22, 2013. For the reasons that follow, the motion is DENIED.

## II. BACKGROUND

The material facts are stated in the Court's April 3 order and will not be repeated here. *See* (Doc. 56 at 2–8).

## III. LEGAL STANDARD

The Local Rules of the Eastern District of Michigan provide that "[a] motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order." E.D. Mich. LR 7.1(h)(1). Defendants' motion is timely.

No response or oral argument is allowed on a motion for reconsideration unless the court orders otherwise. E.D. Mich. LR 7.1(h)(2). Here, the Court ordered plaintiffs to respond (Doc. 59); plaintiffs filed a response (Doc. 60).

The Court "will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). To obtain reconsideration of a court order, "the movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* A palpable defect "is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001).

## IV. DISCUSSION

Defendants make several arguments for reconsideration:

1. The Court and the MJ incorrectly applied the factors for determining whether

2

a default judgment is an appropriate remedy under Sixth Circuit precedent;

    2.    Sixth Circuit precedent does not support a finding of intentional fraud based on the alleged misconduct of defendants' counsel; and

    3.    The MJRR does not accurately reflect the discovery that has been produced in this case because plaintiffs misled the MJ.

### A. The Default Judgment Factors

As the Court stated in the April 3 order, four factors are considered when determining whether a default judgment is appropriate for discovery violations: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the [defendants'] conduct; (3) whether the [defendants] w[ere] warned that failure to cooperate could lead to d[efault judgment]; and (4) whether less drastic sanctions were imposed or considered before d[efault judgment] was ordered." *Universal Health Grp. v. Allstate Ins. Co.*, 703 F.3d 953, 956 (6th Cir. 2013) (citing *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002)); *see also Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 367 (6th Cir. 1997).

Defendants make the same arguments on reconsideration as they did in objecting to the MJRR. Both the Court's order and the MJRR fully explain why the entry of a default judgment against defendants is proper in this case. Notably, defendants argue that they did not violate any "orders," and, therefore, entry of default judgment was in error. Defendants are mistaken. The Court instructed defendants of the discovery that they were required to produce at two status conferences. After plaintiffs' motion for a default judgment was referred to the MJ, the MJ held a telephone conference and directed the defendants to specifically respond to plaintiffs' September 17, 2012 letter. Defendants

3

failed to do so. Indeed, even at this late stage of the proceedings, defendants have not satisfied the outstanding discovery outlined in the September 17 letter. At the hearing, defendants' counsel could not explain why, at this very late stage in the case after a default judgment has been entered, the outstanding discovery is still not satisfied. The fact that the Court's and the MJ's directions were oral does not negate defendants' continued noncompliance with their discovery duties. Defendants have a duty not only to comply with the Court's written orders but also any oral instructions.

Further, that defendants claim to be "innocent" in this matter and that any noncompliance was their counsel's fault does not change the result. Defendants chose their counsel. In fact, defendants continue to have the same counsel.

### B. Intentional Finding of Fraud

Defendants next argue that the Court's sanction is not supported by Sixth Circuit precedent. Defendants state:

> The manifest injustice of entering a Default Judgment which finds that licensed health care professionals "fabricated medical services in order to allow third parties to fraudulently obtain benefits from Plaintiffs under the Michigan No-Fault Act" is made obvious by the fact that there is not a single precedent where a court has made a factual finding of intentional fraud based upon the conduct of the representing attorney which is in any way analogous to this case and where there has been no violation of a court order or any pre-dismissal warning. By its ruling, this Court has ignored the sworn deposition testimony of Defendants' patients and the substance of the documents produced in this matter, choosing to adopt Plaintiff's bald-faced, unsubstantiated allegations as true, not only by a preponderance standard, but by the clear and convincing evidence standard required to make a finding of fraud.

(Doc. 58 at 24, Defs.' Mot. For Recons.).

4

Defendants, however, acknowledge that Sixth Circuit precedent allows district courts to enter default judgments in certain circumstances. *See Harmon*, 110 F.3d 364. This is one of those circumstances. Defendants' actions evidence a clear record of delay and failure to comply with the Court's directions.

### C. The MJRR

Finally, defendants ask for reconsideration claiming that the MJRR did not accurately reflect the fact that defendants produced 10,000 pages of records to plaintiffs to date. In ignoring the MJ's explicit requirement that defendants respond to plaintiffs' September 17, 2012 letter, however, the MJ was unable to determine what, if anything, was produced to plaintiffs. In fact, even in support of reconsideration, defendants have not responded to the September 17 letter. Nor could defendants' counsel explain to the Court at the hearing why the outstanding discovery detailed in the September 17 letter has not been satisfied. Defendants make empty assertions that they have produced thousands of documents that are responsive to all of plaintiff's discovery requests. However, defendants do not support this assertion with a written description of what was produced. Again, defendants could have done this by responding to the September 17 letter. They did not. Accordingly, this is not a basis for granting reconsideration.

The case will proceed to trial on the issue of damages. The case manager will schedule a status conference to chart the future course of the case.

SO ORDERED.

                                         s/Avern Cohn
                                         AVERN COHN
                                         UNITED STATES DISTRICT JUDGE

Dated: May 24, 2013

                    11-11988 Allstate Insurance Company v.
                              Awan & Associates, et al

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, May 24, 2013, by electronic and/or ordinary mail.

                        s/Sakne Chami
                        Case Manager, (313) 234-5160